IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NATHANIEL HILL,**

                        **Petitioner,**

       v.                                      CASE NO. 22-3108-SAC

**STATE OF KANSAS[1],**

                        **Respondent.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner Nathaniel Hill's pro se petition, filed June 2, 2022. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

In 2005, a jury in Montgomery County, Kansas, convicted Petitioner of capital murder, first-degree murder, possession of

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

marijuana with intent to sell, possession of drug paraphernalia, and failure to purchase a tax stamp. *State v. Hill*, 290 Kan. 339, 355 (2010) (*Hill I*); *Hill v. State*, 2015 WL 6629778, *1 (Kan. Ct. App. 2015) (unpublished opinion) (*Hill II*). In April 2005, the district court sentenced Petitioner for all convictions except the capital murder conviction. *Hill I*, 290 Kan. at 355. Because the State sought the death penalty, the district court deferred sentencing on that conviction until the resolution of *State v. Marsh*, 278 Kan. 520 (2004), a case in which the Kansas Supreme Court (KSC) had held the Kansas death penalty statute unconstitutional. *Hill I*, 290 Kan. at 355. Petitioner pursued a direct appeal, which was also stayed pending the resolution of *Marsh*. *Id.*

The United States Supreme Court upheld the Kansas death penalty statute in 2006. *Kansas v. Marsh*, 548 U.S. 163 (2006). In August 2008, the State withdrew its notice of intent to see the death penalty in Petitioner's case; it also successfully moved to vacate Petitioner's sentence for first-degree murder as multiplicitous. *Hill I*, 290 Kan. at 355. In October 2008, the district court sentenced Petitioner to life without the possibility of parole for the capital murder conviction. *Hill I*, 290 Kan. at 355.

Petitioner's direct appeal to the KSC resumed and the KSC affirmed his convictions in an opinion issued on April 15, 2010. *Id.* at 339, 372. It does not appear that Petitioner filed a petition for certiorari in the United States Supreme Court.

According to the online records of the Montgomery County District Court, on April 13, 2011, Petitioner filed a motion for postconviction relief under K.S.A. 60-1507. The motion filed was legally insufficient, however, and although the district court

granted Petitioner's motion for a continuance to supplement the motion and appointed an attorney to represent Petitioner, appointed counsel "filed nothing with the district court on [Petitioner's] behalf." *Hill II*, 2015 WL 6629778, at *1. Eventually, Petitioner filed a pro se memorandum supplementing his motion, but by that point, the motion was untimely. *Id.*

The State moved to dismiss the 60-1507 motion as untimely and, after a hearing at which appointed counsel represented Petitioner and declined to present evidence, the district court issued a written ruling denying the 60-1507 motion as untimely. *Id.* Petitioner appealed. *Id.*

Once again, Petitioner was appointed counsel to represent him, but, according to the Kansas Court of Appeals' (KCOA) later opinion, that attorney made

> no argument that the 60-1507 motion was timely filed. Nor does he argue that the 1-year deadline in K.S.A. 60-1507(f) ought to be excused to prevent a manifest injustice. Rather, the appeal simply asserts that Rankin failed to adequately represent [Petitioner] and, therefore, the time bar presumably should not apply.

*Id.* at *2.

Because the effectiveness of 60-1507 counsel had not been litigated in the district court, the KCOA had no evidentiary record to review. Appellate counsel did not request a remand to the district court for an evidentiary hearing on the matter, so the KCOA was "constrained to affirm," although it advised Petitioner that he could file a second 60-1507 motion alleging ineffectiveness of counsel during the first 60-1507 proceedings. *Id.* The KCOA issued its opinion on October 30, 2015, and Petitioner did not seek review from the KSC.

The online records of Montgomery County District Court reflect that Petitioner filed a second 60-1507 motion on May 26, 2017, which was assigned case number 2017-CV-000071. The online records leave unclear, however, the disposition of that case or what Petitioner issues Petitioner raised in that motion. In the petition now before this Court, Petitioner asserts that case number 2017-CV-000071 is still pending. (Doc. 1, p. 12.)

In August 2019, Petitioner filed a second motion to modify his sentence, arguing that he was entitled to resentencing because the district court, rather than the jury, had sentenced him. *State v. Hill*, 313 Kan. 1010, 1012 (Kan. 2021) (*Hill III*). The district court denied the motion, and Petitioner appealed. *Id.* On appeal, Petitioner also asserted for the first time that his sentence was illegal because the district court pronounced a sentence of life in prison without the possibility of parole, rather than life in prison without the possibility of parole *for 50 years*, which was the statutorily authorized term of imprisonment. *Id.* at 1012-14.

In an opinion issued on August 13, 2021, the KSC ruled that, when the sentencing hearing was considered as a whole, the district court had imposed the correct sentence: life imprisonment without the possibility of parole for 50 years. *Id.* at 1015-16. After rejecting Petitioner's remaining argument, the KSC affirmed Petitioner's sentence in part and vacated it in part.[2]

On June 2, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He raises two grounds for relief: (1) his Sixth Amendment right to

---

[2] The KSC did agree with Petitioner that the portion of his sentence imposing lifetime postrelease supervision was illegal, so it vacated that portion of his sentence. *Hill III*, 313 Kan. at 1016.

trial by jury was violated when he was sentenced by a judge, not a jury, and (2) he was denied his Fourteenth Amendment right to due process when the KSC rejected his argument that he was entitled to resentencing under K.S.A. 21-6628(c). (Doc. 1, p. 5, 7.)

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making

a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this matter, the KSC issued its opinion in Petitioner's direct appeal on April 15, 2010. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, so his convictions became final the day after the expiration of the time to file that petition:  July 15, 2010. At that time, the one-year federal habeas limitation period began to run.

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, the one-year federal habeas limitation period may have been tolled, or paused[3], when Petitioner filed his 60-1507 motion on April 13,

---

[3] Because the 60-1507 was ultimately dismissed as untimely, it is questionable whether it was a "properly filed application for State post-conviction or other collateral review" such that it tolled the one-year federal habeas limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)(holding that where a

2011. At that point, approximately 270 days of the year had expired, leaving approximately 95 days remaining.

The proceedings on the 60-1507 motion concluded when the KCOA affirmed on October 30, 2015, and the one-year federal habeas limitation period resumed. It expired approximately 95 days later, on or around February 2, 2016.[4] Yet Petitioner did not file this federal habeas petition until June 2, 2022. In the section of the petition that addresses timeliness, Petitioner wrote:

> My 60-1507 has not been decided by the lower court yet. I had to refile, it was on May 26, 2017 and the State of Kansas filed on January 28, 2018. This petition is for my constitutional violations involving my Hard 50 sentence given by a judge, when I started with a jury. Their final denial was on September 23, 2021. This should put me in the safe time limitation.

(Doc. 1, p. 14-15.)

Timeliness under the AEDPA is not calculated from the most recent date on which the KSC denied relief that is related to issues raised in a subsequent federal habeas petition. Rather, there are four dates that may trigger the beginning of the one-year federal habeas limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right

---

post-conviction petition for relief was untimely filed in state court, "it was not 'properly filed,' and [petitioner] is not entitled to statutory tolling under § 2244(d)(2)"). For the purposes of this initial screening, however, even assuming solely for the sake of argument that the 60-1507 was "properly filed," this federal habeas matter nevertheless appears untimely. Therefore, the Court will not at this point require Petitioner to present argument on whether his first 60-1507 was "properly filed."

[4] Because Petitioner did not file his second 60-1507 until May 26, 2017 and did not file his motion to modify sentence until August 2019, both dates that are well after the federal habeas limitation period expired, they do not affect the analysis of whether this federal habeas petition is timely.

retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim. *See* 28 U.S.C. § 2244(d)(1).

Liberally construing the petition now before the Court, it appears that only the first type of starting date is applicable—when the judgment became final. If Petitioner believes that one of the other three starting dates is applicable here, he may argue that in his response to this order. As explained above, when the federal habeas limitation period is calculated from the date the judgment became final, the current federal habeas petition was not timely filed.

The one-year federal habeas limitation period is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

As explained above, the petition currently before the Court was not timely filed and is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the amended petition as required by Rule 4 and issue any further orders as necessary. If

Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including July 6, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS FURTHER ORDERED** that Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS SO ORDERED.**

DATED:  This 6th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge