IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHANIEL HILL,

                              Petitioner,

          v.                               CASE NO. 22-3108-SAC

TOMMY WILLIAMS,

                              Respondent.


<u>MEMORANDUM AND ORDER</u>


This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner Nathaniel Hill's "Motion to Present Evidence of Manifest Injustice under Actual Innocence." (Doc. 4.) For the reasons explained below, the motion will be denied and Respondent will be directed to file a limited Pre-Answer Response.

**Background**

The complex procedural background of Petitioner's underlying criminal conviction and related proceedings in the state court is set forth in detail in the Court's Notice and Order to Show Cause (NOSC) issued June 6, 2022 (Doc. 3) and will not be repeated here. Highly summarized, a jury in Montgomery County, Kansas, convicted Petitioner in 2005 of capital murder, first-degree murder, possession of marijuana with intent to sell, possession of drug paraphernalia, and failure to purchase a tax stamp. *State v. Hill*, 290 Kan. 339, 355 (2010) (*Hill I*); *Hill v. State*, 2015 WL 6629778,

*1 (Kan. Ct. App. 2015) (unpublished opinion) (*Hill II*). His sentencing was not completed until October 2008, after which Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) affirmed his convictions in an opinion issued on April 15, 2010. *Id.* at 339, 372. It does not appear that Petitioner filed a petition for certiorari in the United States Supreme Court.

On April 13, 2011, Petitioner filed a motion for postconviction relief under K.S.A. 60-1507. The motion filed was legally insufficient, however, and eventually the district court granted the State's motion to dismiss the 60-1507 motion as untimely. *Hill II*, 2015 WL 6629778, at *1. Petitioner appealed and the Kansas Court of Appeals (KCOA) affirmed the denial on October 30, 2015; Petitioner did not seek review from the KSC. *Id.* at *2.

Petitioner filed a second 60-1507 motion on May 26, 2017 that he asserts is still pending and in August 2019, Petitioner filed a motion to modify his sentence. The district court denied the motion to modify sentence and Petitioner appealed. *State v. Hill*, 313 Kan. 1010, 1012 (Kan. 2021) (*Hill III*). In an opinion issued on August 13, 2021, the KSC affirmed Petitioner's sentence in part and vacated it in part.

On June 2, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He raises two grounds for relief: (1) his Sixth Amendment right to trial by jury was violated when he was sentenced by a judge, not a jury, and (2) he was denied his Fourteenth Amendment right to due process when the KSC rejected his argument that he was entitled to resentencing under K.S.A. 21-6628(c). (Doc. 1, p. 5, 7.)

**The NOSC and Petitioner's current motion**

On June 6, 2022, the Court issued a NOSC explaining to Petitioner that this matter appears to be untimely filed. After setting forth the applicable law governing timeliness of § 2254 petitions, the Court explained:

> In this matter, the KSC issued its opinion in Petitioner's direct appeal on April 15, 2010. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, so his convictions became final the day after the expiration of the time to file that petition:  July 15, 2010. At that time, the one-year federal habeas limitation period began to run.
>
> The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, the one-year federal habeas limitation period may have been tolled, or paused, when Petitioner filed his 60-1507 motion on April 13, 2011. At that point, approximately 270 days of the year had expired, leaving approximately 95 days remaining.
>
> The proceedings on the 60-1507 motion concluded when the KCOA affirmed on October 30, 2015, and the one-year federal habeas limitation period resumed. It expired approximately 95 days later, on or around February 2, 2016. Yet Petitioner did not file this federal habeas petition until June 2, 2022. (Footnotes omitted.)

The NOSC further noted that Petitioner appeared in his petition to calculate the timeliness of the present petition from the most recent date on which the KSC denied relief that is related to issues raised in a subsequent federal habeas petition, and it explained why that analysis is inapplicable and does not render this matter timely. Because the petition appears untimely, the NOSC explained

to Petitioner that the one-year federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It set forth examples of circumstances that justify equitable tolling and circumstances that do not.

The NOSC also explained the exception to the one-year federal habeas limitation period that applies in cases of actual innocence and its requirements. Specifically, the NOSC advised Petitioner:

> To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

> If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

In conclusion, the NOSC reiterated that the petition appears untimely and subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court directed Petitioner to show cause why his petition should not be dismissed as time-barred.

4

As of this date, Petitioner has not filed a response to the NOSC. The Court recognizes that Petitioner has until July 6, 2022 to do so. (See Doc. 3.) Petitioner has, however, filed a "Motion to Present Evidence of Manifest Injustice under Actual Innocence." (Doc. 4.) Liberally construing the motion, it appears to seek the admission of evidence to show Petitioner's entitlement to the actual innocence exception to the one-year habeas filing deadline.

In one part of his motion, Petitioner refers to "evidence of innocence of capital murder; through the acquittal of 'rape charge.'" (Doc. 4, p. 4.) This appears to be an argument that the State's theory of the crimes was, in part, "that the petitioner allegedly raped[] and shot April" but "[t]he jury did not believe that the petitioner raped, then murdered [April]" as seen by the jury acquitting Petitioner of the rape charge. *Id.* at 6-7. This argument does not fit within the actual innocence exception to the timeliness requirement for federal habeas corpus petitions because it does not identify new evidence of the sort required.[1] Nor does this argument present a convincing reason to allow Petitioner to present additional evidence at this time.

Petitioner also identifies the following as "new reliable evidence": the statement Sylvester Jones made during an interview with an agent of the Kansas Bureau of Investigation that "'I killed Sam, but I don't think I killed April.'" (Doc. 4, p. 2.) Sam Yanofsky

---

[1] Similarly, to the extent that Petitioner's motion refers to state law on state habeas corpus motions or addresses the merits of Petitioner's arguments that he is entitled to federal habeas relief, those arguments are not discussed in this order. The limited question before the Court at this point is the timeliness of this petition and whether Petitioner has shown entitlement to equitable tolling or has shown circumstances that justify application of the actual innocence exception to the timeliness requirements.

and April Milholland were the individuals Petitioner was convicted of murdering. *See Hill I*, 290 Kan. at 340, 355. Later in his motion, Petitioner advises the Court that the prosecutor addressed Mr. Jones' statement during closing argument, arguing that the transcript of the interview was incorrect. (Doc. 4, p. 8.) If the prosecutor discussed the statement during the trial, the statement cannot constitute "new reliable evidence . . . that was *not* presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added).

Petitioner also argues, however, that "[t]he taped interview itself **'should'** have been introduced at trial." (Emphasis in original.) Liberally construing this argument, Petitioner contends that the taped interview itself constitutes newly reliable evidence that, if shown to the jury, would have made it more likely than not that no reasonable juror would have convicted him.

Petitioner's motion includes argument that refers to volumes presumably in the state-court records, but this Court does not have those records. The documents now before the Court leave unclear what evidence was presented at trial. While the Court can in some instances learn from state-court opinions what evidence was presented at trial, the state-court opinions related to Petitioner's criminal convictions do not contain that information. Thus, even assuming solely for the sake of argument that the recorded interview was not presented at trial and constitutes new and reliable evidence, the Court cannot determine whether, if the recording of Mr. Jones' interview had been played for the jury, "'it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt.'" *See House*, 547 U.S. at 537.

But because timeliness is an affirmative defense that Respondent may decide to waive, the Court will deny Petitioner's "Motion to Present Evidence of Manifest Injustice under Actual Innocence" without allowing Respondent to respond. The Court has carefully read Petitioner motion and to the extent it constitutes a response to the NOSC, it is considered as such. However, to the extent the motion may be liberally construed to request the opportunity to present additional evidence, the Court concludes that Petitioner need not produce additional evidence at this time. Rather, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008).

Accordingly, the Court will direct Respondent to file a PAR limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). More specifically, Respondent is directed to address Petitioner's claim that the actual innocence exception to the timeliness requirements applies based on the recording of the interview of Mr. Jones as new, reliable evidence.

If Respondent does not intend to raise the affirmative defense of timeliness, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders as necessary. Petitioner is reminded that he has until and including July 6, 2022 to submit any additional response

to the June 6, 2022 NOSC.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion to Present Evidence of Manifest Injustice under Actual Innocence" (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Respondent is granted to and including July 29, 2022, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:  This 29th day of June, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge