**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NATHANIEL HILL,**

                **Petitioner,**

      **v.**                                                      **CASE NO. 22-3108-SAC**

**TOMMY WILLIAMS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Respondent's response (Doc. 8) to the Court's order for a pre-answer report (PAR) regarding timeliness. For the reasons explained below, this matter will be dismissed as time-barred.

**Background**

The complex procedural background of Petitioner's underlying criminal conviction and related proceedings in the state court is set forth in detail in the Court's Notice and Order to Show Cause (NOSC) issued June 6, 2022 (Doc. 3) and will not be repeated here. Highly summarized, a jury in Montgomery County, Kansas, convicted Petitioner in 2005 of capital murder, first-degree murder, possession of marijuana with intent to sell, possession of drug paraphernalia, and failure to purchase a tax stamp. *State v. Hill*, 290 Kan. 339, 355 (2010) (*Hill I*); *Hill v. State*, 2015 WL 6629778, *1 (Kan. Ct. App. 2015) (unpublished opinion) (*Hill II*). His

1

sentencing was not completed until October 2008, after which Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) affirmed his convictions in an opinion issued on April 15, 2010. *Id.* at 339, 372. It does not appear that Petitioner filed a petition for certiorari in the United States Supreme Court.

On April 13, 2011, Petitioner filed a motion for postconviction relief under K.S.A. 60-1507. Ultimately, however, the district court granted the State's motion to dismiss the 60-1507 motion as untimely. *Hill II*, 2015 WL 6629778, at *1. Petitioner appealed and the Kansas Court of Appeals (KCOA) affirmed the denial on October 30, 2015; Petitioner did not seek review from the KSC. *Id.* at *2.

Petitioner filed a second 60-1507 motion on May 26, 2017 and in August 2019, Petitioner filed a motion to modify his sentence. The district court denied the motion to modify sentence and Petitioner appealed. *State v. Hill*, 313 Kan. 1010, 1012 (Kan. 2021) (*Hill III*). In an opinion issued on August 13, 2021, the KSC affirmed Petitioner's sentence in part and vacated it in part.

On June 2, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He raises two grounds for relief: (1) his Sixth Amendment right to trial by jury was violated when he was sentenced by a judge, not a jury, and (2) he was denied his Fourteenth Amendment right to due process when the KSC rejected his argument that he was entitled to resentencing under K.S.A. 21-6628(c). (Doc. 1, p. 5, 7.)

## The NOSC

On June 6, 2022, the Court issued a NOSC explaining to Petitioner that this matter appears to be untimely filed. After

2

setting forth the applicable law governing timeliness of § 2254 petitions, the Court explained:

> In this matter, the KSC issued its opinion in Petitioner's direct appeal on April 15, 2010. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, so his convictions became final the day after the expiration of the time to file that petition: July 15, 2010. At that time, the one-year federal habeas limitation period began to run.
>
> The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, the one-year federal habeas limitation period may have been tolled, or paused, when Petitioner filed his 60-1507 motion on April 13, 2011. At that point, approximately 270 days of the year had expired, leaving approximately 95 days remaining.
>
> The proceedings on the 60-1507 motion concluded when the KCOA affirmed on October 30, 2015, and the one-year federal habeas limitation period resumed. It expired approximately 95 days later, on or around February 2, 2016. Yet Petitioner did not file this federal habeas petition until June 2, 2022. (Footnotes omitted.)

The NOSC further noted that Petitioner appeared to calculate the timeliness of the present petition from the most recent date on which the KSC denied relief, and it explained why that analysis is inapplicable and does not render this matter timely. The NOSC explained that the one-year federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It set forth examples of circumstances that justify equitable tolling and circumstances that do not.

The NOSC also explained the exception to the one-year federal habeas limitation period that applies in cases of actual innocence and its requirements. Specifically, the NOSC advised Petitioner:

> To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).
>
> If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

In conclusion, the NOSC reiterated that the petition appears untimely and subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court directed Petitioner to show cause why his petition should not be dismissed as time-barred.

**Petitioner's Motion, the Court's Order, and Respondent's PAR**

Petitioner filed a "Motion to Present Evidence of Manifest Injustice under Actual Innocence." (Doc. 4.) Liberally construing the motion, it appeared to seek the admission of evidence to show Petitioner's entitlement to the actual innocence exception to the one-year habeas filing deadline. Among other arguments, which the

Court has already rejected (*See* Doc. 5), Petitioner identified as "new reliable evidence" the statement Sylvester Jones purportedly made during an interview with an agent of the Kansas Bureau of Investigation that "'I killed Sam, but I don't think I killed April.'" (Doc. 4, p. 2.) Sam Yanofsky and April Milholland were the individuals Petitioner was convicted of murdering. *See Hill I*, 290 Kan. at 340, 355. Although the statement was addressed at trial, Petitioner argued that "[t]he taped interview itself **'should'** have been introduced at trial." (Emphasis in original.) The Court liberally construed this argument to contend that the recording of Mr. Jones' interview constitutes newly reliable evidence that, if shown to the jury, would have made it more likely than not that no reasonable juror would have convicted him.

The Court carefully considered Petitioner's motion and concluded that even assuming solely for the sake of argument that the recorded interview constitutes new and reliable evidence, the Court lacked the information necessary to determine whether, if the recording of Mr. Jones' interview had been played for the jury, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *See House*, 547 U.S. at 537. Because timeliness is an affirmative defense that Respondent may choose to waive, the Court directed Respondent to file a PAR limited to addressing Petitioner's claim that the recording of the interview of Mr. Jones is new, reliable evidence and the actual innocence exception applies. (Doc. 5.) The Court also reminded Petitioner that he had time remaining in which he could file any additional arguments he wished to make regarding

5

timeliness. *Id.* Petitioner has filed nothing further.

Respondent filed his response on September 16, 2022. (Doc. 8.) Therein, he asserts that Petitioner has not made a credible claim that the actual innocence exception applies in this matter. Respondent also submitted to the Court the state court record and a transcript of Mr. Jones' interview.

**Analysis**

As the Court has previously explained, to obtain the actual innocence exception to the federal habeas limitation period, Petitioner must identify "new reliable evidence . . . that was not presented at trial" and he "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *See Schlup*, 513 U.S. at 324; *House*, 547 U.S. at 536-37.

Respondent first contends that the recording of Mr. Jones' interview is not "new evidence." (Doc. 8, p. 4.) The Court has reviewed the trial transcripts and agrees with Respondent that Mr. Jones was confronted at trial with the fact that the interview transcript reflects that he stated "I killed Sam, I don't think I killed April." Mr. Jones denied making that statement and contended that the transcript was inaccurate.

At trial the following day, a police detective testified that the night before, he had listened to the recording of Mr. Jones' interview and had concluded the transcript was inaccurate. Mr. Jones actually stated, "I know Sam. I don't think I know April." Defense counsel cross-examined the detective about the statement, eliciting an agreement that the transcript reflected that the

transcriptionist believed Mr. Jones had said he killed Sam but did not think that he killed April.

Because the apparent contradiction between the transcript and the recording was discussed at trial, the recording does not constitute reliable new evidence that requires application of the actual innocence exception to the federal habeas statute of limitations. Although the recording was not introduced at trial, there was testimony about its content. In any event, even assuming solely for the sake of argument that the recording is reliable new evidence, the Court is unpersuaded that if the recording had been published at trial, it is more likely than not that no reasonable juror would have convicted Petitioner.

At trial, among other evidence presented, Petitioner's ex-girlfriend testified that on the day of the murders, Petitioner told her that he had shot two people. Law enforcement testified about Petitioner's changing statements during interviews, including Petitioner's admission at one point that he had shot one of the victims accidentally during a struggle. Petitioner's former cellmate testified that Petitioner said he had shot the victims and testified about details Petitioner gave regarding how and where he committed the murders.

Mr. Jones testified that Petitioner came to his home with the two victims, then came into his bedroom and went to the nightstand, where a gun was located. Mr. Jones testified that he heard a gunshot a minute or two later than heard one of the victims scream, "'Why did you do that?'" and "'You're not going to let me live after I seen this.'" He testified that he heard Petitioner say "'[s]trip,'"

7

and five minutes later heard another gunshot, shortly after which Petitioner came into Mr. Jones' bedroom carrying a gun and told him to get up and help Petitioner clean up. Mr. Jones testified that when he left his bedroom, one of the victims had been shot but was still alive and the other victim had been shot and was deceased. Mr. Jones then testified about how he helped dispose of the bodies and clean the crime scene.

In light of the other evidence presented at trial, the Court is unconvinced that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt if the recording of Mr. Jones' interview had been published to the jury. Thus, Petitioner has not demonstrated his entitlement to the actual innocence exception to the statute of limitations for federal habeas matters. Accordingly, this matter will be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

8

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 22nd day of September, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge